IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OLIVIA ANDERSON, On Behalf of Richard B.[1], | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:20-CV-93-Z-BR |
| ANDREW M. SAUL, Commissioner, Social Security Administration, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO AFFIRM THE DECISION OF THE COMMISSIONER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff, on behalf of Richard B., deceased, seeks judicial review of the decision of the Commissioner of Social Security, who denied Richard's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act for lack of disability. The United States District Judge referred the case to the undersigned pursuant to 28 U.S.C. § 636(c). After considering the pleadings, briefs, and administrative record, the undersigned recommends that the Commissioner's decision be AFFIRMED.

## I.     PROCEDURAL BACKGROUND

Richard applied for disability insurance benefits on October 6, 2017 (ECF 16-1 at 259) and supplemental security income on approximately December 8, 2017 (*id*. at 272–80) alleging disabling impairments since June 29, 2015 (*id*. at 259, 273). Richard's application was initially

---

[1] It is this Court's practice to identify the claimant using only the first name and last initial in determinative opinions in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion.

denied and was denied again upon reconsideration. (*Id*. at 183–88, 195–98). Richard requested a hearing, and a hearing was held on January 29, 2019. (*Id*. at 104–28, 199–200). The ALJ issued a decision on May 16, 2019 finding Richard not disabled. (*Id*. at 25–34).

Specifically, at step one, the ALJ found Richard had not engaged in substantial gainful activity since his alleged onset of disability date of June 29, 2015. (*Id*. at 27). At step two, the ALJ found Richard suffered from the severe impairments of chronic venous insufficiency, grade two myxoid degenerative changes of the right knee, and degenerative disc disease of the cervical spine. (*Id*.). At step three, the ALJ found those severe impairments did not meet and were not the equivalent of any listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id*. at 28). The ALJ determined Richard retained the residual functional capacity ("RFC") to perform medium work. (*Id*. at 29). Additionally, the ALJ determined Richard could lift and carry up to 50 pounds occasionally; sit for up to six hours in a normal eight-hour workday; stand and/or walk for up to four hours in a normal eight-hour workday; occasionally crouch, kneel, balance, and climb ramps, stairs, ropes, and ladders; and probably had a torn meniscus, but could walk heel to toe and had a normal gait and full range of motion. (*Id*.). At step four, the ALJ determined Richard could not return to any past relevant work, but there were jobs he could perform. (*Id*. at 32–34). Accordingly, at step five, the ALJ found Richard was not disabled between the alleged onset date and the date the decision was issued. (*Id*. at 34). The Appeals Council denied Richard's request for review on February 18, 2020. (*Id*. at 6–9). Therefore, the ALJ's decision is the Commissioner's final decision and properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005).

## II.    FACTUAL BACKGROUND

Richard was 45 years old on the alleged onset of disability date, June 29, 2015. (*See* ECF 16-1 at 259). He completed the tenth grade. (*Id*. at 328). He previously worked as a dump truck

driver, truck mechanic, semi-truck driver, and retail assistant manager. (*Id*. at 119). Plaintiff believes Richard's physical impairments rendered him disabled under the Social Security Act.

### III.    STANDARD OF REVIEW

To evaluate a disability claim, the Commissioner follows a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A person is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps four and five, the Commissioner must assess a plaintiff's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a plaintiff] can still do despite [the plaintiff's] limitations." 20 C.F.R. § 416.945(a)(1).

In reviewing disability determinations by the Commissioner, the court's role is limited to determining (1) whether substantial evidence exists in the record, considered as a whole, to support

the Commissioner's factual findings and ultimate decision, and (2) whether the Commissioner applied the correct legal standards or if any errors of law were made. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). To determine whether substantial evidence of disability exists, the court must consider four elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts. *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Only a "conspicuous absence of credible choices," or, "no contrary medical evidence," will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Stated differently, the level of review is not *de novo*. If the court finds substantial evidence to support the Commissioner's decision, the court must uphold the decision. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## IV.    DISCUSSION

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence for two reasons. (*See* ECF 18 at 2–3). First, Plaintiff claims the ALJ did not recognize state agency medical consultant ("SAMC") Dr. Randal Reid's opinion that Richard must periodically alternate

sitting and standing to relieve pain and discomfort, or Dr. Reid's opinion that Richard must stand/walk for 5–10 minutes every 1–2 hours. (*Id*. at 4). Plaintiff further argues the ALJ did not explain why he chose to disregard these limitations. (*Id*.). For these reasons, Plaintiff asserts the ALJ's RFC determination is deficient. (*Id*. at 5–6). Second, Plaintiff claims the ALJ did not question the vocational expert ("VE") regarding Dr. Reid's opinions that Richard must periodically alternate sitting and standing to relieve pain and discomfort and stand/walk for 5–10 minutes every 1–2 hours. (*Id*. at 6). Plaintiff also asserts the ALJ failed to consider the likely frequent absences Richard would require in order to address his medical conditions when determining Richard's RFC. (*Id*. at 7–8). For these reasons, Plaintiff asserts the ALJ's determination that Richard could perform other substantial gainful activity is flawed. (*See id*. at 6–8).

### A. ALJ's treatment of Dr. Reid's opinions

Dr. Reid and SAMC Dr. Laurence Ligon found Richard could occasionally lift and/or carry 50 pounds (ECF 16-1 at 135, 145, 159, 171), frequently lift and/or carry 25 pounds (*id*. at 135–36, 145, 159, 171), stand and/or walk for four hours (*id*. at 136, 145–46, 159, 171), and occasionally climb ramps, stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl (*id*. at 136, 146, 159–60, 171–72). Dr. Reid found Richard could sit for more than six hours on a sustained basis in an eight-hour workday. (*Id*. at 136, 146). Dr. Ligon found Richard could sit about six hours in an eight-hour workday. (*Id*. at 159, 171). In his May 16, 2019 decision, the ALJ referred to Dr. Reid and Dr. Ligon by name, noted these opinions, designated the opinions "persuasive," and adopted them. (*Id*. at 29, 31).

Plaintiff claims the ALJ failed to recognize Dr. Reid's opinion that Richard must periodically alternate sitting and standing to relieve pain and discomfort, as well as Dr. Reid's opinion that Richard must stand/walk for 5–10 minutes every 1–2 hours. (ECF 18 at 4). Plaintiff

further argues the ALJ did not explain why he chose to disregard these limitations. (*Id*.). For these reasons, Plaintiff asserts the ALJ's RFC determination is deficient. (*Id*. at 5–6).

Although the ALJ found some of Dr. Reid's opinions "persuasive," Plaintiff is correct that he implicitly rejected Dr. Reid's opinions that Richard must periodically alternate sitting and standing to relieve pain and discomfort and must stand/walk for 5–10 minutes every 1–2 hours. (*See* ECF 16-1 at 31). However, "[t]he ALJ is not required to expressly discuss each finding by an SAMC or discuss each factor listed in 20 C.F.R. § 416.927(c)…because such a detailed analysis applies only to the ALJ's rejection of a treating source's uncontradicted opinion." *Jones v. Saul*, No. 3:19-CV-0880-BH, 2020 WL 5752390, at *14 (N.D. Tex. Aug. 24, 2020), *adopted by* No. 3:19-CV-0880-N-BH, 2020 WL 5747873 (N.D. Tex. Sept. 25, 2020) (citing *Newton v. Apfel*, 209 F.3d 448, 456–58 (5th Cir. 2000)). "[W]here substantial evidence supports the ALJ's decision, the failure to consider every single opinion or statement of a SAMC may constitute harmless error." *Id*. (citing *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 516–17 (S.D. Tex. 2003)). Having reviewed the ALJ's May 16, 2019 decision and the relevant portions of the administrative record, the undersigned finds substantial evidence supports the ALJ's implicit rejection of Dr. Reid's opinions at issue.[2]

In his RFC determination, the ALJ noted emergency records from January 2018 that show "a normal range of motion in the claimant's back and musculoskeletal system, normal cardiovascular functioning, and normal neurological functioning, including normal motor strength and sensation." (ECF 16-1 at 30, 445–46). The ALJ further noted "[o]ther physical examinations

---

[2] Plaintiff's briefing does not address why the ALJ's implicit rejection of Dr. Reid's opinions—that Richard must periodically alternate sitting and standing to relieve pain and discomfort and must stand/walk for 5–10 minutes every 1–2 hours—is not supported by substantial evidence. (*See* ECF 18 at 4–6). Plaintiff merely argues the ALJ's failure to address the opinions and explain why he disregarded them was improper. (*See id*.).

throughout the record from July 2015 through July 2018 also show a generally normal gait, a good range of motion, negative straight leg raise tests, and normal neurological functioning, including normal strength, sensation, and coordination, despite some continued back pain, knee pain, and tenderness." (*Id*. at 30, 466, 471, 474, 490, 613–762, 764–909). The ALJ addressed Dr. Jennifer Ward's examination of Richard. (*See id*. at 30). Dr. Ward found Richard had a symmetric, steady gait, full five out of five strength in his lower extremities, a full range of motion in his cervical and lumbar spines, knees, and hips, and negative straight leg raise tests. (*Id*. at 423–24). Dr. Ward also found Richard was not in acute distress, despite Richard's complaints of intense chronic pain. (*See id*. at 420, 422). The ALJ cited a July 2018 ultrasound that "was generally normal and found no evidence of deep vein thrombosis, though it found multiple variscosities in his right lower extremity." (*Id*. at 31, 530). According to the ALJ, "[p]hysical examinations throughout the record consistently reveal normal cardiovascular and neurological functioning, despite his varicose veins and continued swelling and tenderness in his left lower extremity." (*Id*. at 31, 490, 494, 576–77, 613–762, 764–909).

Substantial evidence supports the ALJ's implicit rejection of Dr. Reid's opinions that Richard must periodically alternate sitting and standing to relieve pain and discomfort and must stand/walk for 5–10 minutes every 1–2 hours. *See Edmond v. Berryhill*, No. 3:18-CV-0677-BH, 2019 WL 1424612, at *10–11 (N.D. Tex. Mar. 29, 2019) (finding remand inappropriate because substantial evidence supported ALJ's implicit rejection of SAMC's opinions on postural limitations). Thus, remand is not required on this issue.

## B. ALJ's determination that Richard could perform other substantial gainful activity

Plaintiff first argues the ALJ's determination that Richard could perform other substantial gainful activity is flawed because the ALJ did not question the VE regarding Dr. Reid's opinions

that Richard must periodically alternate sitting and standing to relieve pain and discomfort and stand/walk for 5–10 minutes every 1–2 hours. (ECF 18 at 6–7). An ALJ's hypothetical question to a VE must reasonably incorporate all limitations recognized by the ALJ, and the claimant or his representative must be afforded the opportunity to correct any deficiencies in the question. *See Boyd*, 239 F.3d at 707. As discussed above, substantial evidence supports the ALJ's implicit rejection of Dr. Reid's opinions that Richard must periodically alternate sitting and standing to relieve pain and discomfort and must stand/walk for 5–10 minutes every 1–2 hours. Because these limitations were not supported by substantial evidence and thus not included in the RFC determination, the ALJ was not required to question the VE about these limitations. *See id*.; *see also Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (finding ALJ did not err by rejecting a portion of VE's testimony that was "based on a hypothetical question composed of assumptions subsequently found unsupported by medical evidence").

Plaintiff also asserts the ALJ's determination that Richard could perform other substantial gainful activity is flawed because the ALJ failed to consider the likely frequent absences Richard would require to address his medical conditions when determining Richard's RFC. (*See* ECF 18 at 6–8). The undersigned construes this as an argument that the ALJ erred by not including a limitation regarding absences from work in his RFC finding. Plaintiff points to numerous emergency room and doctor's visits to support her argument that Richard would require frequent absences from work to address his medical conditions. (*See id*. at 7–8). The undersigned finds substantial evidence supports the ALJ's omission of any limitation related to work absences from the RFC determination for the following reasons.

First, Plaintiff does not argue any medical source opined that Richard might need to miss work due to his severe impairments. Neither SAMC nor Dr. Ward suggested any limitation

8

regarding work absences. (*See* ECF 16-1 at 130–49, 152–75, 420–26); *see Austin v. Comm'r of Soc. Sec. Admin.*, No. 7:11-CV-00097-O BF, 2012 WL 3962639, at *9 (N.D. Tex. Aug. 20, 2012), *adopted by* No. 7:11-CV-97-O, 2012 WL 3984007 (N.D. Tex. Sept. 11, 2012) (finding the "medical evidence simply does not support the inclusion of limitations on Plaintiff's pace and attendance at work into the RFC").

Second, the ALJ's May 16, 2019 decision specifically addresses Richard's subjective complaints and explains why the ALJ found them inconsistent with the medical evidence in the record (*see* ECF 16-1 at 30–32), and Plaintiff does not appear to directly contest the ALJ's credibility determination. Moreover, the undersigned reviewed the medical records Plaintiff cites in support and concludes substantial evidence supports the ALJ's credibility determination. The medical records Plaintiff cites in support contain numerous subjective complaints of pain not corroborated by the objective medical evidence.[3] *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (stating subjective complaints of pain must be corroborated by objective medical evidence); *see also Adams v. Saul*, No. CV 19-12282, 2020 WL 5537102, at *4 (E.D. La. Sept. 1, 2020), *adopted by* No. CV 19-12282, 2020 WL 5535471 (E.D. La. Sept. 15, 2020) ("A catalogue of Plaintiff's treatment visits, in and of itself, does not demonstrate that each doctor's visit would result in her missing an entire day of work."). Remand is not required on this issue.

––––––––––––––––––––

[3] For example, Richard visited an emergency room on July 14, 2015 complaining of back pain, but a physical examination showed only some tenderness and normal range of motion in his back. (ECF 16-1 at 708, 710). Richard visited an emergency room again on August 21, 2015 complaining of back pain, but a physical back and musculoskeletal examination again showed normal results. (*Id*. at 703, 705). He visited an emergency room on October 3, 2015 for abdominal pain, but treatment notes from the visit state "work up negative," and images of his abdomen showed no acute abnormalities. (*Id*. at 657–58, 665). He visited an emergency room on May 22, 2016 complaining of knee pain, and a physical examination showed pain on full range of motion and tenderness, but normal strength and no swelling. (*Id*. at 644, 646). Richard visited an emergency room on December 2, 2016 complaining of abdominal pain, but treatment notes from the visit state "Patient is in no distress." (*Id*. at 614, 619). He returned to the emergency room on July 2, 2018 for lower extremity pain and swelling, but a physical examination showed only right calf tenderness and normal range of motion and strength. (*Id*. at 532, 535). Records show normal scans and lab results during the visit. (*Id*. at 537).

## **RECOMMENDATION**

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Commissioner's decision be AFFIRMED.

## **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 2, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## **\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).